THOMAS P. BEKO, ESQ.
California Bar No. 128546
BRENT L. RYMAN, ESQ.
California Bar No. 232274
ERICKSON, THORPE & SWAINSTON
P. O. Box 3559, Reno, NV 89505
Telephone: (775) 786-3930
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LEWIS CARL PRINCE, and ESTHER PRINCE, husband and wife,

    Plaintiffs,

vs.

THE COUNTY OF PLUMAS, a political subdivision of the State of California, PLUMAS COUNTY SHERIFF'S OFFICE, a public entity of the County of Plumas, GREG HAGWOOD, former Plumas County Sheriff, in his individual and official capacities, BJORN JAMES BERG, in his individual and official capacities, DOES I-XV, inclusive, BLACK & WHITE CORPORATIONS I-V; ABLE & BAKER PUBLIC ENTITIES I-V.

    Defendants.

CASE NO. :

**COMPLAINT**

**(DEMAND FOR TRIAL BY JURY)**

COME NOW, LEWIS CARL PRINCE, and ESTHER PRINCE, by and through their attorneys of record, Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Brent L. Ryman, Esq., and for causes of action against Defendants, and each of them, complain and allege as follows:

**PARTIES & JURISDICTION**

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1343 in that claims herein arise under the federal civil rights statutes, and pursuant to 28

Erickson, Thorpe & Swainston, Ltd.

-1-

U.S.C. §1331 federal questions exist. Additionally, supplemental jurisdiction exists over state law claims asserted herein pursuant to 28 U.S.C. §1367. Venue is proper in this district because the Defendants are subject to personal jurisdiction here, and the claims arose in this district.

2. LEWIS CARL PRINCE is, and was at all times relevant hereto, a resident of Blairsden, Plumas County, California. At all times relevant hereto, LEWIS CARL PRINCE was the lawful husband of the plaintiff, ESTHER PRINCE. For many years, Mr. and Mrs. Prince resided at 105 Poplar Valley Road in Blairsden, California. All acts complained of herein occurred in Plumas County, California.

3. At the time of the events alleged herein, Mr. Prince was the Operations Manager of the Plumas Eureka Community Services District, a position that he had held for more than 25 years. Mr. Prince was an honorably discharged military veteran who had no criminal history whatsoever. He was also a former member of the Plumas Eureka Volunteer Fire Department.

4. ESTHER PRINCE is, and was at all times relevant hereto, a resident of Blairsden, Plumas County, California. At all times relevant hereto, ESTHER PRINCE was the lawful wife of the plaintiff, LEWIS PRINCE, who resided at 105 Poplar Valley Road in Blairsden, California. All acts complained of herein occurred in Plumas County, California.

5. The COUNTY OF PLUMAS is a political subdivision of the State of California which provides for various public services, including law enforcement services, through the PLUMAS COUNTY SHERIFF'S OFFICE. The COUNTY OF PLUMAS is governed and controlled by an elected Board of Supervisors. The Plumas County Board of Supervisors has delegated all control of the day-to-day law enforcement operations of Plumas County to the defendant GREG HAGWOOD, but nevertheless, has the ability to control the actions and conduct of all Plumas County employees, including employees of the Plumas County Sheriff's Office.

6. As alleged herein, the Plumas County Board Of Supervisors was aware of, and familiar with, the conduct of the individual defendants named herein, and knew of the need

Erickson, Thorpe
& Swainston, Ltd.

-2-

for additional or different training that was so obvious that the failure to provide that training would result in the violation of the constitutional rights of the plaintiffs and others. Their failure to act in the face of this obvious need constitutes deliberate indifference to that need. The Plumas County Board of Supervisors was also aware of the wrongful conduct of the individual defendants as alleged herein, and despite the knowledge of the wrongful nature of that conduct, failed to investigate the allegations and take appropriate remedial actions and thereby approved and ratified the wrongful conduct of the county employees. By failing to take appropriate action, the Board of Supervisors encouraged the violation of the constitutional rights of the plaintiffs and others. Their actions, and/or inactions, resulted in a de facto policy and custom for the County of Plumas, and thus the County is legally responsible for all injuries, damages and losses alleged herein.

7.    The PLUMAS COUNTY SHERIFF'S OFFICE is a public entity of the State of California and the County of Plumas. It employs various public employees, including the defendant BJORN JAMES BERG, who, at all times relevant hereto, was acting within the course and scope of his employment, and under the color of state law.

8.    As alleged herein, the PLUMAS COUNTY SHERIFF's OFFICE was aware of, and familiar with, the conduct of the individual defendants named herein, and who knew of the need for additional or different training that was so obvious that the failure to provide that training would result in the violation of the constitutional rights of the plaintiffs and others. Their failure to act in the face of this obvious need constitutes deliberate indifference to that need. The PLUMAS COUNTY SHERIFF's OFFICE was also aware of the wrongful conduct of the individual defendants as alleged herein, and despite having the knowledge of the wrongful nature of that conduct, failed to investigate the allegations and take appropriate remedial actions and thereby approved and ratified the wrongful conduct of the sheriff's office employees. By failing to take appropriate action, the PLUMAS COUNTY SHERIFF's OFFICE encouraged the violation of the constitutional rights of the plaintiffs and others. Their actions, and/or inactions, resulted in a de facto policy and custom for the PLUMAS COUNTY SHERIFF's OFFICE and thus it is legally responsible for all injuries, damages

Erickson, Thorpe
& Swainston, Ltd.

-3-

and losses alleged herein.

9.    GREG HAGWOOD was, at all times relevant hereto, the duly elected Sheriff of PLUMAS COUNTY who was directly responsible for the conduct, hiring, training, supervision, retention and dismissal of employees working for the PLUMAS COUNTY SHERIFF'S OFFICE.  The defendant HAGWOOD was responsible for enforcing the laws of the State of California, the regulations of the County of Plumas, and for ensuring that the officers of the Plumas County Sheriff's Office obeyed the Constitution of the United States.  The defendant HAGWOOD was a final policy maker for the COUNTY OF PLUMAS on all matters pertaining to law enforcement activities.

10.    As alleged herein, SHERIFF GREG HAGWOOD was aware of, and familiar with, the conduct of the individual defendants alleged herein, and who knew of the need for additional or different training that was so obvious that the failure to provide that training would result in the violation of the constitutional rights of the plaintiffs and others. Their failure to act in the face of this obvious need constitutes deliberate indifference to that need. SHERIFF GREG HAGWOOD was also aware of the wrongful conduct of the individual defendants as alleged herein, and despite the knowledge of the wrongful nature of that conduct, failed to investigate the allegations and take appropriate remedial actions and thereby approved and ratified the wrongful conduct of the sheriff's office employees.  By failing to take appropriate action, SHERIFF GREG HAGWOOD encouraged the violation of the constitutional rights of the plaintiffs and others. His actions, and/or inactions, resulted in a de facto policy and custom for the PLUMAS COUNTY SHERIFF's OFFICE and therefore both he and the PLUMAS COUNTY SHERIFF's OFFICE are legally responsible for all injuries, damages and losses alleged herein.

11.    BJORN JAMES BERG was at all times relevant hereto, an appointed Deputy Sheriff of the PLUMAS COUNTY SHERIFF'S OFFICE who was, at all times relevant hereto, acting within the course and scope of his employment and under color of state law. The conduct herein alleged against BJORN JAMES BERG was approved, adopted and ratified by the other defendants named herein.

Erickson, Thorpe
& Swainston, Ltd.

-4-

12.    Plaintiffs do not know the true names or capacities of those Defendants sued herein as DOES I-V, but believe that said defendants are individual (either current or former) supervisory employees of the PLUMAS COUNTY SHERIFF's OFFICE who had direct knowledge and awareness of the propensities of the defendant BJORN JAMES BERG to engage in the forms of conduct alleged herein in direct violation of the constitutional rights of the plaintiffs and others, and who set in motion a series of acts, events and omissions which said defendants knew or should have known would result in the injuries, damages and losses alleged herein. Plaintiffs are informed and believe and based thereon allege that each of said defendants is legally responsible under the causes of action pled herein and proximately caused damages to the plaintiffs as herein alleged. Plaintiffs pray that when the true names, capacities, and personal involvement of said defendants are ascertained, they may be inserted herein with appropriate allegations.

13.    Plaintiffs do not know the true names or capacities of those Defendants sued herein as DOES VI-IX, but believe that said defendants are either current or former supervisory employees of the PLUMAS COUNTY SHERIFF'S OFFICE who were responsible for the training, supervision and control of the defendant BJORN JAMES BERG or other DOE defendants, and whose actions, or inactions in the face of obvious need, set in motion a series of acts, events and omissions which said defendants knew or should have known would result in the injuries, damages and losses alleged herein. Plaintiffs are informed and believe and based thereon allege that each of said defendants is legally responsible under the causes of action pled herein and proximately caused damages to the plaintiffs as herein alleged. Plaintiffs prays that when the true names, capacities, and personal involvement of said defendants are ascertained, they may be inserted herein with appropriate allegations.

14.    Plaintiffs do not know the true names or capacities of the Defendant sued herein as DOES X, but believe that said defendant was acting in concert with, and as part of a conspiracy, with employees and/or agents of the PLUMAS COUNTY SHERIFF's OFFICE and was acting in such a manner as to deprive the plaintiffs of rights and privileges

guaranteed by the Constitution of the United States of America. As such, said defendant was acting under color of law and is jointly liable, with all other defendants, for any and all deprivations of the plaintiffs' constitutional rights.

## GENERAL ALLEGATIONS

15. Plaintiffs reallege paragraphs 1 through 14 above and incorporate them by reference as if fully set forth herein.

16. On or about April 28, 2018, at approximately 4:00 p.m., the plaintiff LEWIS CARL PRINCE walked next door to the home of a neighbor, Taylor McCann, who resided at 103 Poplar Valley Road in Blairsden, California. Over the next two hours, Mr. Prince consumed three alcoholic beverages. At approximately 8:00 p.m., Mr. Prince began to feel ill and advised Mr. McCann that he thought he might throw up. He then went quickly to Mr. McCann's bathroom. However, because of a prior surgical procedure to address an acid reflux condition, Mr. Prince was unable to vomit. When Mr. Prince did not return as expected, Mr. McCann when to check on him and found him unresponsive on the floor. Mr. McCann then summoned ESTHER PRINCE who immediately came to Mr. McCann's home. Although she found Mr. Prince conscious, he was unresponsive. Thus, she requested Mr. McCann to summon emergency help. Upon information and belief, Mr. McCann called 911 and reported Mr. Prince's condition.

17. Soon thereafter, emergency personnel arrived and began to administer medical treatment to Mr. Prince. During the course of their evaluation of Mr. Prince, the emergency personnel asked Mr. McCann whether Mr. Prince had consumed any illicit drugs. Mr. McCann denied any knowledge of Mr. Prince's use of any drugs. Medical personnel then asked Mrs. Prince whether Mr. Prince had consumed any form of illicit drugs. She reported that he had not, that the only medications he took were an acid reflux medicine (Omeprazole) and an antidepressant. She reported Mr. Prince's inability to vomit because of his prior surgery.

18. Apparently hearing the call for medical services, the defendant BJORN JAMES BERG responded to Mr. McCann's home. He arrived at approximately 8:30 p.m. Although

he was never invited into the McCann home, he entered purportedly to provide assistance to the emergency personnel. Once inside the home, BJORN JAMES BERG overheard the medical personnel inquiring into Mr. Prince's possible consumption of illicit drugs. He, too, began to question Mrs. Prince about his consumption of some form of illicit drugs. She advised him that Mr. Prince did not use any type of illicit drugs. BJORN JAMES BERG repeatedly accused her of lying and he demanded that she disclose what Mr. Prince had consumed.

19.   The defendant BJORN JAMES BERG then openly accused Mrs. Prince of lying about Mr. Prince's use of drugs. Despite his accusations, she maintained that she had no knowledge of him using any form of illicit drug. She stated that she believed that maybe he had suffered an adverse reaction to the alcohol he had consumed as she did not believe that he had eaten anything that day.

20.   Apparently because they disbelieved Mrs. Prince, the medical personnel administered a drug (Narcan) which is designed to counteract the effects of opioid intoxication. When the emergency medical technician administered this drug to Mr. Prince, she warned everyone in the bathroom that patients often react in a combative manner to the drug.

21.   After the Narcan was administered, Mr. Prince regained some degree of consciousness. He began to growl and attempted to stand upright. Medical personnel continued to grab at him and ask him what he had taken, he pushed their hands away and removed his IV. At that point, the defendant Berg informed him that if he did not cooperate with them, he would be arrested.

22.   The defendant BJORN JAMES BERG then instructed all medical personnel to leave the bathroom.

23.   During this process, the defendant BJORN JAMES BERG advised the medical personnel that they needed to get Mr. Prince outside of Mr. McCann's home. The medical technician specifically asked him if that meant "out of the house," to which the defendant Berg stated "yes." The plaintiffs are informed and believe that because of prior judicial

Erickson, Thorpe
& Swainston, Ltd.

-7-

decisions from the California Superior Court, the defendant BERG gave these instructions because he knew that unless Mr. Prince was in a "public" area, he would not have the legal authority to place Mr. Prince under arrest.

24.    Mr. Prince finally stood up and stated that he simply wanted to return to his home.  He then exited Mr. McCann's home and proceeded to return to his home/property which was contiguous with that of Mr. McCann.  During this process, ESTHER PRINCE was walking along side him assisting him.  The medical personnel continued to advise him that they felt that he needed to go to the hospital because of his "altered state," however he stated that he simply wanted to return to his home.  He repeatedly stated that he would happily sign an AMA (Against Medical Advice) form as Mr. Prince has previous experience with the local volunteer fire department.

25.    As they continued walking toward their home, the defendant Berg again demanded, in a very confrontational way that Mrs. Prince tell him what Mr. Prince was on.  Mrs. Prince again denied Mr. Prince's use of any illicit drugs.  Again, the defendant Berg told her "you're lying."  She responded that she was telling him the truth.  He again told her to stop lying, that Narcan does not work on individuals if they were not high on opioids.  The defendant Berg then told her that he was going to arrest Mr. Prince and save his life.  As they continued toward their home, Mr. Prince stumbled and fell face down on Mr. McCann's lawn.

26.    The defendant BJORN JAMES BERG immediately proceeded over and placed his knee into Mr. Prince's back and told him he was under arrest for assaulting an officer.  Upon information and belief, the defendant Berg weighed in excess of 250 pounds.  He then grabbed Mr. Prince's hands and proceeded to handcuff him.  During this process, Mr. Prince repeatedly cried out that he could not breathe.  He specifically asked the defendant Berg when he assaulted him.  The defendant Berg advised him that it was when he kicked him.

27.    When she heard her husband complain that he could not breathe, she immediately screamed at the defendant Berg to get off of him.  He told her to be quiet or he would arrest her as well.

Erickson, Thorpe
& Swainston, Ltd.

-8-

28.    When he arrested Mr. Prince, BJORN JAMES BERG lacked probable cause to believe that Mr. Prince had violated any criminal or civil statute which would authorize his arrest.

29.    Following his arrest, Mr. Prince was transported to the hospital in Portola, California where he was treated by Dr. Paul Swanson. The defendant BJORN JAMES BERG entered the treatment room and advised Dr. Swanson that Mr. Prince had kicked him and therefore he handcuffed him. The defendant Berg further reported that Mr. Prince did not hit his head.

30.    By the time he reached the hospital, Mr. Prince was awake and alert and was answering questions well. His only complaint was that the handcuffs were hurting him. They were then removed. Mr. Prince reported that he only uses alcohol and marijuana but did not use other pills. A sample of his blood was taken and tests showed it was positive for alcohol and marijuana, but it was negative for all illicit drugs, including opioids.

31.    During the course of his examination, Dr. Swanson indicated that he felt a CT of Mr. Prince's head was warranted given his prior unresponsive condition. Mr. Prince indicated that he did not want to undergo that exam, he simply wanted to return to his home. At that time, the defendant Berg informed the plaintiffs that if Mr. Prince did not submit to the CT scan, he was going to immediately take him to jail. Believing they had no option, Mr. Prince agreed to undergo the expensive diagnostic test which proved to be entirely normal. The defendant Berg then issued Mr. Prince a citation charging him with two offenses, Public Intoxication (P.C. 647(f) and Resisting arrest (P.C. 148(A). He thereafter released Mr. Prince from custody and he returned home.

32.    Subsequently, due to financial concerns, Mr. Prince entered into a nolo contendere plea agreement following which a Judgment and Order of Probation was entered on a single charge of Public Intoxication (P.C. 647(f)). Thereafter, the court suspended imposition of sentence and admitted Mr. Prince to one year of Summary Probation pursuant to which Mr. Prince was ordered "Not to Consume Alcohol to Excess." He was further ordered to pay a fine of $150.00, certain administrative fees and court assessments. The

Erickson, Thorpe
& Swainston, Ltd.

-9-

plaintiffs were forced to incur costs for Mr. Prince's criminal defense.

33.    The defendant fully satisfied and performed all conditions of the Summary Probation.

34.    On June 14, 2019, the plaintiffs traveled to the Portola High School to attend the high school graduation ceremonies for Lewis Prince's minor daughter. After the ceremonies concluded, the plaintiffs were in the process of exiting the school grounds to travel to a graduation party for Mr. Prince's daughter. As they were walking toward the parking lot, Lewis Prince was confronted by the defendant BJORN JAMES BERG who asked Mr. Prince how he was doing. Mr. Prince answered "fine."

35.    The defendant Berg then asked Mr. Prince if he had anything to drink that day to which Mr. Prince said that he had consumed a beer at home several hours earlier in the day.

36.    BJORN JAMES BERG then ordered Mr. Prince to accompany him to his vehicle. Mr. Prince asked him why and said that he had done nothing wrong. The defendant refused to provide him any explanation other than saying that he was on probation. He told Mr. Prince again he had to had to accompany him to his vehicle. Mr. Prince responded merely by asking "What did I do?"

37.    At that point, BJORN JAMES BERG approached him and grabbed him by the arm and pulled his arm behind his back where he, along with DOE I, applied handcuffs to Mr. Prince. This was painful to Mr. Prince. While this was occurring, Mr. Prince continued to ask, why are you doing this, I didn't do anything wrong.

38.    At no time prior to, nor during, the handcuffing process, was Mr. Prince ever informed that he was being placed under arrest.

39.    Prior to being placed into the defendant Berg's patrol vehicle, Mr. Prince was never told he was under arrest. Instead, he was simply told he was going to jail.

40.    Before he was handcuffed, Mr. Prince exhibited no conduct, nor demonstrated any signs or signals that he was a threat to the defendant Berg or any other person.

41.    Other than making inquiry about why he was being detained, handcuffed and

Erickson, Thorpe
& Swainston, Ltd.

-10-

escorted away from his wife and family, Mr. Prince did not resist the actions of the defendant Berg.

42. After being handcuffed, Mr. Prince walked with the defendant Berg and defendant DOE I to the defendant's patrol vehicle. Mr. Prince offered no resistance whatsoever.

43. After reaching the patrol car, BJORN JAMES BERG informed Mr. Prince that he was not supposed to drink.

44. Mr. Prince responded to this accusation saying that he was not drinking now and he was told that while on probation he could not drink to excess.

45. The plaintiffs are informed and believe that BJORN JAMES BERG erroneously assumed that because he was on probation, Mr. Prince could not consume alcoholic beverages.

46. Less than one minute later, BJORN JAMES BERG learned through communications with a Plumas County Sheriff's Office dispatcher that Mr. Prince's representations regarding the terms of his probation were entirely accurate.

47. Rather than acknowledge his error and immediately release Mr. Prince, BJORN JAMES BERG directed Mr. Prince to get into his patrol car because he was going to jail.

48. Mr. Prince immediately asked "For what?" The defendant Berg stated "Because you're resisting arrest."

49. When the defendant Berg arrested Mr. Prince and took him to jail, he knew that because it was after the close of business on Friday evening, Mr. Prince would be forced to remain in jail until he made a first appearance on the following Monday.

50. The plaintiff ESTHER PRINCE was present during the defendant Berg's interaction with LEWIS PRINCE and contemporaneously observed all the defendant's wrongful acts perpetrated upon Mr. Prince as alleged hereinabove.

51. BJORN JAMES BERG then departed the school property and headed to Quincy, California, a distance of approximately 30 miles. Along this route, the defendant Berg stopped on two occasions apparently to try and find a preliminary breath test machine.

Erickson, Thorpe
& Swainston, Ltd.

-11-

He was unable to locate one.

52. Upon his arrival at the Plumas County Jail in Quincy, California, Mr. Prince was told he was under arrest and that he must submit to a search of his person. He was then searched and placed into a jail cell.

53. Shortly thereafter, Mr. Prince was administered a breath test which showed a presumptive blood alcohol level of 0.0%.

54. The defendant Berg was made aware of the results of this test, yet he took no action to secure Mr. Prince's release from jail.

55. Mr. Prince was then asked to submit a urine sample. The defendant is informed and believes that this sample confirmed the absence of alcohol in Mr. Prince's system.

56. The defendant Berg then prepared an official Plumas County Sheriff's Office report wherein he made false statements of fact in an effort to cover his false arrest of Mr. Prince.

57. Despite these findings, Mr. Prince was held in jail for a period of three days. Upon his release, he was told that he had been arrested for public intoxication (P.C. 647(f)), Obstructing and/or resisting a peace officer (PC 148(A)(1)), and Violation of Probation (P.C. 1203.2).

58. During his incarceration, Mr. Prince was denied access to his wife and to prescription medication that he was taking at the time. After three days he was simply released and told to appear on July 16, 2019.

59. Subsequent to that time, Mr. Prince was informed that the charges against him were dismissed.

60. On September 23, 2019, attorney Thomas P. Beko, Esq. sent a letter to the defendant GREG HAGWOOD informing him that he had been retained to prosecute a Section 1983 action against Plumas County and others. In that letter, a demand was made to preserve evidence pertaining to matters involving Lewis Prince.

61. On or about September 26, 2019, the Plumas County Sheriff's Office sent Mr.

Prince a letter advising him that the act of taking him into custody on June 14, 2019, was merely a detention only, and not a arrest, and that he was released on July 11, 2019 by the Plumas County Jail.  However, he was further informed that the District Attorney could still file charges against him for up to three years.

62.    The plaintiff have continued to live in constant fear that the defendants will continue their efforts to falsely arrest and prosecute Lewis Prince.

63.    The plaintiffs are informed and believe that following Mr. Prince's arrest on June 14, 2019, the defendants caused a report to be printed in four local periodicals referencing Mr. Prince's arrest by BJORN JAMES BERG.

64.    In doing the things alleged herein, the defendants violated the plaintiffs' rights guaranteed by the Fourth and Fourteenth Amendments to the California and United States Constitutions.

65.    The plaintiffs have complied with the claims presentation statute set forth in California Government Code, §910.4 *et seq.,* and no claim set forth herein has been resolved by the consent of the parties.

## FIRST CAUSE OF ACTION

### (Violation of Constitutional Rights)

### (42 USC §1983)

66.    Plaintiffs reallege paragraphs 1 through 65 above and incorporate them by reference as if fully set forth herein.

67.    In doing the things alleged herein, BJORN JAMES BERG, under the color of law and within the course and scope of his employment as a deputy sheriff of the Plumas County Sheriff's Office, deprived the plaintiff LEWIS CARL PRINCE of his right to be secure in his person against unreasonable searches, seizures and physical abuse in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.  BJORN JAMES BERG is therefore liable under 42 U.S.C. §1983 which prohibits the deprivation under color of state law rights secured under the United States Constitution.

68.    Through the wrongful, and excessive exercise of the apparent authority of a

Erickson, Thorpe
& Swainston, Ltd.

-13-

law enforcement officer, the defendant BJORN JAMES BERG violated LEWIS CARL PRINCE's Fourteenth Amendment Due Process rights by coercing him, under threat of physical incarceration, to undergo unwanted and expensive medical procedures.

69.    In doing the things alleged herein, the defendant BJORN JAMES BERG acted intentionally and/or with deliberate indifference to the rights of LEWIS CARL PRINCE, and without legal or probable cause to justify his actions.

70.    As a direct and proximate result of the above-referenced unlawful and wrongful conduct of the defendant BJORN JAMES BERG, the plaintiff LEWIS CARL PRINCE suffered physical bodily harm, mental and emotional injury, mental anguish, suffering, humiliation and embarrassment. LEWIS CARL PRINCE was also deprived of his personal property and he suffered a loss of earnings, as well as expenses associated with the retention of legal representatives and expert witnesses.

71.    The plaintiff is informed and believes and thereupon avers, that he will continue to suffer the aforementioned damages in the future.

72.    In doing the things alleged herein, the defendant BJORN JAMES BERG acted willfully, wantonly, maliciously, or in conscious disregard of the rights of the plaintiffs thereby justifying an additional award of exemplary damages.

73.    The Plaintiffs have been forced to retain the services of Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Brent Ryman, Esq., and have, and will in the future, continue to incur expenses and costs and attorney's fees for which they are entitled to recover the same.

## SECOND CAUSE OF ACTION

### (Municipal Liability for Unconstitutional Custom and Practice)

### (42 USC §1983)

74.    Plaintiffs reallege paragraphs 1 through 73 above and incorporate them by reference as if fully set forth herein.

75.    At all times relevant to this complaint, defendant GREG HAGWOOD acted under the direction and control of the COUNTY OF PLUMAS with the delegated authority

Erickson, Thorpe
& Swainston, Ltd.

-14-

to create policy and customs for the Plumas County Sheriff's Office, who in fact, made and created certain written and implied policies, customs and practices for the Plumas County Sheriff's Office.

76.    Through a pattern and practice of action and inaction, the defendant HAGWOOD created and allowed a pattern and practice whereby law enforcement officers knowing of limitations upon their rights to contact, detain and arrest citizens would manufacture, create and entice citizens into taking actions which the defendants intended and believed would create a pretextual basis to seize and arrest citizens who had not engaged in any conduct that would otherwise authorize the exercise of police power over that citizen.

77.    Through a pattern and practice of action and inaction, the defendant HAGWOOD created and allowed a pattern and practice whereby law enforcement officers would, after manufacturing and creating an entirely unlawful pretextual seizure and arrest of a person, thereafter arrest a citizen for resisting arrest which, in truth, was an entirely unlawful arrest and/or seizure in the first instance.

78.    The plaintiffs are informed and believe and thereupon aver that prior to April 28, 2018, the municipal and supervisory defendants, acting with gross negligence, reckless and deliberate indifference to the rights and liberties of the public in general and the plaintiffs, and the obvious need for additional or different training, knowingly maintained, enforced and applied an officially recognized department custom, policy and practice of:

(A)    inadequately supervising, training, controlling, assigning and disciplining department officers and other department personnel, who knew, or in the exercise of reasonable care should have known of the dangerous propensities of the defendant BJORN JAMES BERG and others to manufacture and create unlawful and pretextual grounds upon which to seize, arrest and prosecute citizens and to apply excessive force to manufacture grounds upon which to charge citizens with resisting arrest and/or assault or battery upon an officer;

(B)    maintaining grossly inadequate procedures for reporting, investigating, reviewing, disciplining and/or controlling the misconduct of department employees including

Erickson, Thorpe
& Swainston, Ltd.

-15-

the defendant BJORN JAMES BERG;

(C)    failing to create and implement policies and procedures which mandated interceding and intervention by other officers who observed and witnessed the unlawful and wrongful conduct of other officers, and for providing protection to those officers who did intervene, intercede or report the unlawful conduct of officers including the defendant BJORN JAMES BERG;

(D)    using excessive force against persons, condoning the use of excessive force, manufacturing pretextual and unlawful cause to seize and arrest citizens and conspiring to cover-up civil rights violations by, inter alia, wrongfully withholding public records and reports;

(E)    ratifying and approving unlawful and unconstitutional acts of its officers and employees.

79.    The plaintiffs are informed and believe and thereupon aver that the actions of the defendant BJORN JAMES BERG were undertaken in accordance with the generally authorized, approved and permitted policies, patterns and customs of Sheriff GREG HAGWOOD and the Plumas County Sheriff's Department.

80.    As a direct and proximate result of the aforementioned polices, procedures, practices and customs, the plaintiff LEWIS CARL PRINCE was deprived of his right to be secure in his person against unreasonable searches, seizures and physical abuse in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States. The defendants are therefore liable under 42 U.S.C. §1983 which prohibits the deprivation under color of state law rights secured under the United States Constitution.

81.    As a direct and proximate result of the wrongful and unlawful conduct of the defendants and each of them, the plaintiff LEWIS CARL PRINCE suffered physical bodily harm, mental and emotional injury, mental anguish, suffering, humiliation and embarrassment. LEWIS CARL PRINCE was also deprived of his personal property and he suffered a loss of earnings, as well as expenses associated with the retention of legal representatives and expert witnesses.

Erickson, Thorpe
& Swainston, Ltd.

-16-

82. The plaintiff ESTHER PRINCE, having observed the unlawful treatment of her husband suffered tremendous fear, anxiety, anguish, distress, embarrassment and humiliation. ESTHER PRINCE was further deprived of her property and of her rights to the care and consortium of her husband.

83. The plaintiffs are informed and believes and thereupon aver, that they will continue to suffer the aforementioned damages in the future.

84. The Plaintiffs have been forced to retain the services of Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Brent Ryman, Esq., and have, and will in the future, continue to incur expenses and costs and attorney's fees for which they are entitled to recover the same.

## THIRD CAUSE OF ACTION

### (Assault)

85. Plaintiffs reallege paragraphs 1 through 84 above and incorporate them by reference as if fully set forth herein.

86. In doing the acts as alleged herein on June 14, 2019, the defendant BJORN JAMES BERG was acting within the course and scope of his employment for the County of Plumas and the Plumas County Sheriff's Office. In doing the acts alleged herein, the defendant BJORN JAMES BERG intended to cause or place the plaintiff LEWIS CARL PRINCE in apprehension of harmful contact with his person.

87. As a direct and proximate result of the defendant's acts alleged above, the plaintiff LEWIS CARL PRINCE was, in fact, placed in great apprehension of contact with his person and fear of bodily injury based upon his prior contacts with BJORN JAMES BERG.

88. As a direct and proximate result of the wrongful and unlawful conduct of the defendants and each of them, the plaintiff LEWIS CARL PRINCE suffered mental and emotional injury, mental anguish, suffering, humiliation and embarrassment.

89. The plaintiffs, and each of them, live in constant fear that the defendant BJORN JAMES BERG, or other Plumas County law enforcement officers will once again

Erickson, Thorpe
& Swainston, Ltd.

-17-

unlawfully seize, arrest, batter and prosecute LEWIS CARL PRINCE and thus their damages are reasonably certain to continue into the future.

90. In doing the things alleged herein, the defendant BJORN JAMES BERG acted willfully, wantonly, maliciously, or in conscious disregard of the rights of the plaintiffs thereby justifying an additional award of exemplary damages

91. The Plaintiffs have been forced to retain the services of Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Brent Ryman, Esq., and have, and will in the future, continue to incur expenses and costs and attorney's fees for which they are entitled to recover the same.

## FOURTH CAUSE OF ACTION

### (Battery)

92. Plaintiffs reallege paragraphs 1 through 91 above and incorporate them by reference as if fully set forth herein.

93. In doing the acts as alleged herein on June 14, 2019, the defendant BJORN JAMES BERG was acting within the course and scope of his employment for the County of Plumas and the Plumas County Sheriff's Office.

94. In doing the acts alleged herein, the defendant BJORN JAMES BERG made illegal, unlawful, and/or offensive contact with the person of LEWIS CARL PRINCE in apprehension of harmful contact with his person.

95. As a direct and proximate result of the wrongful and unlawful conduct of the defendants and each of them, the plaintiff LEWIS CARL PRINCE suffered bodily injury, mental and emotional injury, mental anguish, anxiety, suffering, humiliation and embarrassment. The plaintiff is informed and believes that his injuries and damages are reasonably certain to continue into the future.

96. In doing the things alleged herein, the defendant BJORN JAMES BERG acted willfully, wantonly, maliciously, or in conscious disregard of the rights of the plaintiffs thereby justifying an additional award of exemplary damages

97. The plaintiffs, and each of them, live in constant fear that the defendant

Erickson, Thorpe
& Swainston, Ltd.

-18-

BJORN JAMES BERG, or other Plumas County law enforcement officers will once again unlawfully seize, arrest, batter and prosecute LEWIS CARL PRINCE and thus their damages are reasonably certain to continue into the future.

98. The Plaintiffs have been forced to retain the services of Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Brent Ryman, Esq., and have, and will in the future, continue to incur expenses and costs and attorney's fees for which they are entitled to recover the same.

## FIFTH CAUSE OF ACTION

### (False Arrest/False Imprisonment)

99. Plaintiffs reallege paragraphs 1 through 98 above and incorporate them by reference as if fully set forth herein.

100. In doing the acts as alleged herein on June 14, 2019, the defendant BJORN JAMES BERG was acting within the course and scope of his employment for the County of Plumas and the Plumas County Sheriff's Office.

101. In doing the acts alleged herein, the defendant BJORN JAMES BERG falsely, maliciously, and without warrant or order of commitment or any other legal authority of any kind when the plaintiff had not committed an offense, seized and arrested LEWIS CARL PRINCE.

102. Following the arrest of LEWIS CARL PRINCE, the defendant BJORN JAMES BERG continued to confine LEWIS CARL PRINCE and ultimately delivered him to the Plumas County Jail in Quincy, California where he knew Mr. Prince would be held until at least Monday, June 17, 2019. Mr. Prince continued to be held until June 17, 2019, as a direct and proximate result of the actions of the defendant BJORN JAMES BERG.

103. As a direct and proximate result of the wrongful and unlawful conduct of the defendants and each of them, the plaintiff LEWIS CARL PRINCE suffered a loss of his liberty, bodily injury and harm, mental and emotional injury, mental anguish, anxiety, suffering, humiliation and embarrassment. The plaintiff is informed and believes that his injuries and damages are reasonably certain to continue into the future. LEWIS CARL

Erickson, Thorpe
& Swainston, Ltd.

-19-

PRINCE also suffered a loss of earnings, as well as expenses associated with the retention of legal representatives and expert witnesses.

104.    The plaintiffs, and each of them, live in constant fear that the defendant BJORN JAMES BERG, or other Plumas County law enforcement officers will once again unlawfully seize, arrest, batter, imprison and prosecute LEWIS CARL PRINCE, and thus their damages are reasonably certain to continue into the future.

105.    In doing the things alleged herein, the defendant BJORN JAMES BERG acted willfully, wantonly, maliciously, or in conscious disregard of the rights of the plaintiffs thereby justifying an additional award of exemplary damages.

106.    The Plaintiffs have been forced to retain the services of Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Brent Ryman, Esq., and have, and will in the future, continue to incur expenses and costs and attorney's fees for which they are entitled to recover the same.

## SIXTH CAUSE OF ACTION

### (Infliction of Emotional Distress)

107.    Plaintiffs reallege paragraphs 1 through 106 above and incorporate them by reference as if fully set forth herein.

108.    In doing the acts as alleged herein on June 14, 2019, the defendant BJORN JAMES BERG was acting within the course and scope of his employment for the County of Plumas and the Plumas County Sheriff's Office.

109.    In doing the acts alleged herein, the defendant BJORN JAMES BERG either intentionally or negligently in conscious disregard for the rights of the plaintiffs and each of them, engaged in outrageous conduct designed and intended to, or in conscious disregard of the known fact that it would cause the plaintiffs, and each of them, to suffer severe emotional distress and suffering.

110.    The plaintiff ESTHER PRINCE contemporaneously observed all the actions taken against LEWIS PRINCE while at the Portola High School.

111.    As a direct and proximate result of the wrongful conduct of the defendants and

Erickson, Thorpe
& Swainston, Ltd.

-20-

each of them, the plaintiffs, and each of them, did suffer severe and disabling emotional distress and suffering, anxiety, grief, humiliation, embarrassment.

112. The plaintiffs, and each of them, live in constant fear that the defendant BJORN JAMES BERG, or other Plumas County law enforcement officers will once again unlawfully seize, arrest, batter, imprison and prosecute LEWIS CARL PRINCE, and thus their damages are reasonably certain to continue into the future.

113. In doing the things alleged herein, the defendant BJORN JAMES BERG acted willfully, wantonly, maliciously, or in conscious disregard of the rights of the plaintiffs, and each of them, thereby justifying an additional award of exemplary damages.

114. The Plaintiffs have been forced to retain the services of Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Brent Ryman, Esq., and have, and will in the future, continue to incur expenses and costs and attorney's fees for which they are entitled to recover the same.

## SEVENTH CAUSE OF ACTION

### (Negligence)

115. Plaintiffs reallege paragraphs 1 through 114 above and incorporate them by reference as if fully set forth herein.

116. In doing the acts as alleged herein on June 14, 2019, the defendant BJORN JAMES BERG was acting within the course and scope of his employment for the County of Plumas and the Plumas County Sheriff's Office.

117. The defendant BJORN JAMES BERG owed the plaintiffs a duty of due care not to engage in conduct that created an unreasonable risk of harm to the plaintiffs. In doing the acts as alleged herein on June 14, 2019, the defendants, and each of them, breached that duty by acting negligently toward the plaintiffs, and each of them.

118. The plaintiff ESTHER PRINCE contemporaneously observed all the actions taken against LEWIS PRINCE while at the Portola High School.

119. As a direct and proximate result of the wrongful and unlawful conduct of the defendants and each of them, the plaintiff LEWIS CARL PRINCE suffered a loss of his

Erickson, Thorpe
& Swainston, Ltd.

-21-

liberty, bodily injury and harm, mental and emotional injury, mental anguish, anxiety, suffering, humiliation and embarrassment. The plaintiff is informed and believes that his injuries and damages are reasonably certain to continue into the future. LEWIS CARL PRINCE also suffered a loss of earnings, as well as expenses associated with the retention of legal representatives and expert witnesses.

120. The plaintiffs, and each of them, live in constant fear that the defendant BJORN JAMES BERG, or other Plumas County law enforcement officers will once again by unlawfully seize, arrest, batter, imprison and prosecute LEWIS CARL PRINCE, and thus their damages are reasonably certain to continue into the future.

121. In doing the things alleged herein, the defendant BJORN JAMES BERG acted wantonly, maliciously, and/or in conscious disregard of the rights of the plaintiffs thereby justifying an additional award of exemplary damages.

122. The Plaintiffs have been forced to retain the services of Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Brent Ryman, Esq., and have, and will in the future, continue to incur expenses and costs and attorney's fees for which they are entitled to recover the same.

## EIGHTH CAUSE OF ACTION

**(Violation of the right to spousal association, companionship and society under the Fourteenth Amendment)**

123. Plaintiffs reallege paragraphs 1 through 122 above and incorporate them by reference as if fully set forth herein.

124. At all times relevant hereto, ESTHER PRINCE is and was the wife and lawful spouse of Mr. Prince.

125. The marital relationship is the foundation to both the family and society, and hence marital integrity and spousal association are protected by law and by the Constitution. The marital relationship is among the most intimate of an individual's life and, consequently, most deserving of protection from state interference.

126. Spouses have a right to familial association that is protected by the Fourteenth

Erickson, Thorpe
& Swainston, Ltd.

-22-

Amendment.

127.   The liberty interest in familial association and companionship encompasses the familial relationship between spouses.

128.   The Fourteenth Amendment protects the liberty interest in familial companionship and association against unwarranted governmental interference.

129.   Spouses possess a liberty interest under the Due Process Clause which entitles them to pursue happy, intimate association free from unlawful government intrusion.

130.   A claim for loss of companionship implicates substantive due process rights under the Fourteenth Amendment.

131.   In doing the acts alleged herein, the defendant BJORN JAMES BERG, under color of law, and without authority, justification or probable cause, bullied and illegally and wrongfully stopped, arrested, detained and imprisoned LEWIS CARL PRINCE thereby causing serious physical and/or psychological injuries to him and injuring the liberty relationship he had with ESTHER PRINCE.

132.   The conduct of the defendant BJORN JAMES BERG shocks the conscience by depriving family members of a liberty interest in the companionship and society of another family member and is therefore cognizable as a violation of due process.  Spouses therefore may pursue claims for the interference with their liberty interest in the companionship of the other spouse, under authority conferred by 42 U.S.C. § 1983 and/or 42 U.S.C. § 1988.

133.   As a direct and proximate result of the acts and/or omissions of defendants and each of them, CARL LEWIS PRINCE has been injured through said unlawful governmental action. The defendants' actions and omissions in injuring Mr. Prince, adversely impacted the endurance, intimacy, way of life and harmony of the Prince's marriage.

134.   The defendants' acts and/or omissions were undertaken either intentionally and knowingly, and/or with a deliberate indifference or a reckless, callous disregard for injury to the above described marital rights and persons, and/or reflect a conscious disregard of the public safety,  and/or offend the community's sense of fair play and decency.

Erickson, Thorpe
& Swainston, Ltd.

-23-

135.   In doing the acts alleged herein, the defendant BJORN JAMES BERG had time to deliberate before acting or failing to act in the manner described above, and in conducting the illegal stop, arrest, detainment and imprisonment of Mr. Prince and thus he made a choice between available alternatives and options choosing the most damaging and injurious to the plaintiffs, and each of them.

136.   As a direct and proximate result of the acts and/or omissions of the defendants, and each of them, an injury has been perpetrated on the marital entity, and the marital relationship has been impaired.  ESTHER PRINCE's constitutionally protected liberty interest to her husband's services, love, affection, marital harmony, intimacy, assistance, conjugal fellowship, protection, emotional support, companionship, care, society and association has been deprived by these government actions.

137.   The Plaintiffs have been forced to retain the services of Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Brent Ryman, Esq., and have, and will in the future, continue to incur expenses and costs and attorney's fees for which they are entitled to recover the same.

## NINTH CAUSE OF ACTION

### (Loss of Consortium)

138.   Plaintiffs reallege paragraphs 1 through 137 above and incorporate them by reference as if fully set forth herein.

139.   A valid and lawful marriage between LEWIS CARL PRINCE and ESTHER PRINCE existed at the time of the above described injury to Mr. Prince through his illegal arrest, detention and imprisonment due to the actions and omissions of the defendants, and each of them.

140.   As a direct and proximate result of the illegal acts and omissions of the defendants, ESTHER PRINCE suffered a tortious injury.  The emotional disquiet suffered was sufficient to substantially disturb the marital relationship, and resulted in a loss of companionship, comfort, support, services, love, affection and solace. As a result of this loss of consortium, ESTHER PRINCE is entitled to an award of damages.

Erickson, Thorpe
& Swainston, Ltd.

-24-

141.   The Plaintiffs have been forced to retain the services of Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and Brent Ryman, Esq., and have, and will in the future, continue to incur expenses and costs and attorney's fees for which they are entitled to recover the same.

WHEREFORE, the plaintiffs pray for judgment in their favor and against Defendants, jointly and severally, as follows:

1.   For general and compensatory damages in an amount in excess of $1.5 million dollars;

2.   For special damages in sums to be proved at trial;

3.   For punitive and exemplary damages in sums to be proved at trial;

4.   For a declaration that the plaintiffs' Constitutional rights have been violated and an injunction preventing the defendants from further unconstitutional violations;

5.   For reasonable attorney's fees and costs of suit; and

6.   For such other and further relief as the Court deems just and proper.

DEMAND FOR TRIAL BY JURY

The plaintiff hereby demands a trial by jury in this matter.

DATED this 27th day of April, 2020.

ERICKSON, THORPE & SWAINSTON, LTD.

By _____
THOMAS P. BEKO, ESQ. (#128546)
BRENT L. RYMAN, ESQ. (#232274)
Attorneys for Plaintiffs

Erickson, Thorpe
& Swainston, Ltd.

-25-